**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4990**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

SANDRA D. DEAN,

                    Defendant – Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:09-cr-00893-HFF-2)

—————————

Submitted:  June 23, 2011            Decided:  July 15, 2011

—————————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra D. Dean pled guilty to conspiracy to possess with intent to distribute methamphetamine. The district court sentenced her to ninety-six months' imprisonment. Dean's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether Dean's sentence was reasonable. Dean has filed a pro se brief challenging factual statements in the presentence report, asserting that she was promised a downward departure for assistance, and contending that her counsel was ineffective. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Dean's guilty plea. The court ensured that Dean understood the charge against her and the potential sentence she faced, that she entered her plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we affirm Dean's conviction.

2

We have also reviewed Dean's sentence and determine that it was properly calculated and that the sentence imposed is reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Dean, appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. An extensive explanation is not required as long as the appellate court is satisfied "'that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Engle, 592 F.3d 495, 500 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.")); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (explaining that a district court need not "robotically tick through" each subsection of § 3553(a)). Here, after hearing the argument of counsel as to the application of the sentencing factors, the court imposed a sentence in the middle of the applicable Guidelines range. The court specifically noted that Dean and her husband were within the same advisory Guidelines range, but, due to her greater

3

criminal history, Dean received a higher sentence. We conclude the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).

In her pro se brief, Dean contends that she only purchased Sudafed and did not manufacture methamphetamine and did not know the co-defendants. These statements do not negate her knowing and voluntary guilty plea to conspiracy. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) ("[O]ne may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities over the whole period of its existence.").

Also in her pro se brief, Dean contends that she should have received a downward departure due to her cooperation with authorities. Absent a cooperation agreement and promise of such a departure, a downward departure based on substantial assistance is within the discretion of the Government. The record evinces no abuse of discretion.

The final issue asserted in Dean's pro se brief is that counsel provided constitutionally ineffective assistance with respect to her sentencing by only discussing the presentence investigation report with her by phone and by failing to have a corrected version of the presentence report

4

prepared. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes counsel's constitutionally inadequate performance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not conclusively demonstrate that Dean's counsel was ineffective, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Dean, in writing, of the right to petition the Supreme Court of the United States for further review. If Dean requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dean. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED